## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| FEE LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO. _____** |
| | ) | |
| HAIR PLUS TRADING CO., INC., | ) | |
| TAE M. LEE, and JANE DOE, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff Fee Lee ("Plaintiff"), by and through his counsel,

Brian Kim of Leon and Kim, LLC, files this Complaint alleging as follows:

## JURISDICTION

### 1.

Jurisdiction over this action is conferred on this Court by section 216(b) of

the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## VENUE

### 2.

Venue is proper in the Northern District of Georgia in that a substantial part

of the events or omission giving rise to the claim took place in Norcross, Georgia,

Gwinnett County, which is within this judicial District.

## PARTIES

3.

Fee Lee, the named Plaintiff in this action, is an individual who resides in the Lawrenceville, Georgia.

4.

Defendant Hair Plus Trading Co. Inc. is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Gwinnett County.

5.

Defendant Hair Plus Trading Co., Inc. can be served by delivering a copy of summons and complaints to its registered agent, Tae M. Lee, at 6650 Best Friend Rd., Norcross, GA 30071.

6.

Based upon information and belief, Hair Plus Trading Co. Inc.'s annual gross volume of sales is more than $500,000, subjecting Defendant Hair Plus Trading Co., Inc., to the requirements of the FLSA.

7.

Defendant Hair Plus Trading Co., Inc. is an was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

8.

Defendant Hair Plus Trading Co., Inc. was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours. .

9.

Defendant Tae M. Lee, individual, may be served by delivering a copy of summons and complaints to him at 6650 Best Friend Rd., Norcross, GA 30071.

10.

According to the Georgia Secretary of State's Business Entity Annual Report, Defendant Tae M. Lee is and was at all times relevant to this action the president of Hair Plus Trading Co., Inc.

11.

As the president, Defendant Tae M. Lee was involved in the day-to-day operation of Defendant Hair Plus Trading Co., Inc., including, without limitation, the policies governing the company, leading and directing the work of others, and formulating and implementing plans for the company.

12.

Defendant Tae M. Lee exerts substantial control over Defendant Hair Plus Trading Co., Inc., in compliance with the definition of "employer" under the Fair Labor Standard Act of 1938.

13.

Defendant Tae M. Lee has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Hair Plus Trading Co., Inc. in the same capacity as the Plaintiff.

14.

Defendant Tae M. Lee controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Defendant Hair Plus Trading Co., Inc. in the same capacity as the Plaintiff.

15.

Defendant Tae M. Lee determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant Hair Plus Trading Co., Inc. in the same capacity as the Plaintiff.

16.

At all times relevant to this action, Defendant Tae M. Lee oversaw and had the responsibility of maintaining proper records of wages, hours and other conditions and practices of employment.

17.

At all times relevant to this action, Defendant Tae M. Lee was in the position to know the most probative or evidential facts concerning the nature and amount of work performed by Plaintiff.

18.

At all times relevant to this action, Defendant Jane Doe had the responsibility of maintaining proper records of wages, hours and other conditions and practices of employment.

19.

At all times relevant to this action, Defendant Jane Doe was in the position to know the most probative or evidential facts concerning the nature and amount of

work performed by Plaintiff.

20.

At all times relevant to this action, Defendant Hair Plus had the responsibility of maintaining proper records of wages, hours and other conditions and practices of employment.

21.

At all times relevant to this action, Defendant Hair Plus was in the position to know the most probative or evidential facts concerning the nature and amount of work performed by Plaintiff.

22.

Defendant Tae M. Lee is and was at all times relevant to this action the owner of Defendant Hair Plus Trading Co., Inc., and acted directly or indirectly as Plaintiff's employer.

23.

Defendant Tae M. Lee is subject to the requirements of the FLSA because he was working on behalf of Defendant Hair Plus Trading Co., Inc. and exerts control over employees.

24.

Defendant Tae M. Lee was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

25.

Defendant Jane Doe is the wife of Defendant Tae M. Lee, and an officer of Hair Plus Trading Co.

26.

Defendant Jane Doe may be served by delivering a copy of summons and complaints to him at 6650 Best Friend Rd., Norcross, GA 30071.

27.

Defendant Jane Doe will be served upon as soon as she is identified in discovery.

28.

As an officer, Defendant Jane Doe was involved in the day-to-day operation of Defendant Hair Plus Trading Co., Inc., including, without limitation, the policies governing the company, leading and directing the work of others, and formulating and implementing plans for the company.

29.

Defendant Jane Doe exerts substantial control over Defendant Hair Plus

Trading Co., Inc., in compliance with the definition of "employer" under the Fair

Labor Standard Act of 1938.

30.

Defendant Jane Doe has the power to hire and fire employees, including,

without limitation, individuals employed by Defendant Hair Plus Trading Co., Inc.

in the same capacity as the Plaintiff.

31.

Defendant Jane Doe controls employee work schedules and conditions of

employment, including, without limitation, individuals employed by Defendant

Hair Plus Trading Co., Inc. in the same capacity as the Plaintiff.

32.

Defendant Jane Doe determines the rate and method of payment for

employees including, without limitation, individuals employed by Defendant Hair

Plus Trading Co., Inc. in the same capacity as the Plaintiff.

33.

At all times relevant to this action, Defendant Jane Doe oversaw and had the

responsibility for maintaining employment records including, without limitation,

individuals employed by Defendant Hair Plus Trading Co., Inc. in the same capacity as the Plaintiff.

34.

Defendant Jane Doe is and was at all times relevant to this action the owner of Defendant Hair Plus Trading Co., Inc.

35.

Defendant Jane Doe is and was at all times relevant to this action acting directly or indirectly as Plaintiff's employer.

36.

Defendant Jane Doe is and was at all times relevant to this action subject to the requirements of the FLSA because she was working on behalf of Defendant Hair Plus Trading Co., Inc. and exerts control over employees.

37.

Defendant Jane Doe was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

## STATEMENT OF FACTS

38.

Plaintiff is a former employee of Defendants.

39.

Beginning in March 16, 2015 and continuing until June 13, 2016, Plaintiff was employed by Defendants at 6650 Best Friend Rd., Norcross, GA 30071.

40.

Based on information and belief, Defendant Tae M. Lee has an ownership interest in Defendant Hair Plus Trading Co., Inc.

36.

Based on information and belief, Defendant Jane Doe is the wife of Defendant Tae M. Lee.

37.

Based on information and belief, Defendant Jane Doe is an officer of Defendant Hair Plus Trading Co., Inc.

38.

Based on information and belief, Defendant Jane Doe directs employees within her capacity as an officer.

39.

During Plaintiff's employment, Plaintiff worked initially as a warehouse worker from March 16, 2015 until November 30, 2015, and his job duties included unloading containers boxes, organizing boxes, cleaning, shipping, and wrapping merchandise of Defendants.

40.

Plaintiff also worked as a sales manager from December 1, 2015 until June 13, 2016, and his job duties included taking orders from Defendants' customers, visiting Defendants' customer locations, promoting or advertising new products, and taking complaints from Defendants' customers.

41.

Plaintiff also delivered merchandise to Defendants' customers, took product returns from Defendants' customers, passed or distributed Defendants' catalogs to Defendants' customers, showed or demonstrated Defendants' samples to Defendants' existing customers and collected payments in addition to the warehouse work in Paragraph 39 and 40.

42.

Plaintiff carried out the day-to-day business affairs of Defendants' company and was not involved in determining the overall course of business.

43.

Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of Defendants' employees were not given particular weight.

44.

Plaintiff did not have the authority to hire or fire Defendants' employees.

45.

Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to Defendants' matters of significance.

46.

At all times relevant to this action, Plaintiff was not exempt from the overtime pay requirements provided by the FLSA, 29 U.S.C. §§ 201 *et seq*.

47.

While Plaintiff was working for Defendant as a sales manager, Plaintiff cleaned Defendants' warehouse on Fridays.

48.

Defendants paid Plaintiff a salary in the amount of $3,300.00 per month from March 16, 2015 until July 13, 2016.

49.

Plaintiff worked from 9:00am to 6:30pm with one-hour lunch break, Monday through Friday on average.

50.

Additionally, Plaintiff worked one Sunday every month from 1:00pm to 6:00pm.

51.

During the relevant time hereto, Plaintiff worked a total of 378.70 hours in uncompensated overtime in addition to his standard 40-hour workweeks.

52.

Defendant Hair Plus, Defendant Tae M. Lee, and Defendant Jane Doe ("Defendants") had direct control over Plaintiff's work schedule during Plaintiff's employment with Defendants.

53.

Defendants required Plaintiff to consistently work for more than 40-hours a workweek without overtime compensation.

54.

Defendants failed to provide Plaintiff with compensation of one and one-half times the regular rate for his work in excess of forty hours in a workweek.

55.

During Plaintiff's employment, Defendant Tae M. Lee and Defendant Jane Doe taunted, screamed and cursed at Plaintiff at the warehouse in front of other employees.

56.

During Plaintiff's employment, Defendants embarrassed Plaintiff by speaking of Plaintiff's cleanliness of the Plaintiff's vehicle in front of other workers.

57.

During Plaintiff's employment, Defendant Tae M. Lee, without prior notice, searched the vehicle that Plaintiff was driving.

58.

During Plaintiff's employment, Defendant Tae M. Lee accused Plaintiff of stealing sample products for sale from the warehouse.

59.

During Plaintiff's employment, Defendant Jane Doe searched, without prior notice, the vehicle Plaintiff was driving.

60.

During Plaintiff's employment, Defendant Jane Doe accused Plaintiff of stealing sample products for sale from the warehouse.

61.

On May 11, 2016, Defendant Jane Doe searched the vehicle that Plaintiff was driving.

62.

On May 11, 2016, Defendant Jane Doe shouted at the Plaintiff in front of other employees saying, "무슨 샘플을 이따위로 가지고 다니느냐?! 온갖 쓰레기를 넣어 가지고 다니느냐?! 이래가지고 도대체 무슨 영업을 하겠다고 하느냐?! 그러니까 영업이 그 따위 아니냐?! 생각이 있느냐?! 머리가 있느냐?! 머리를 써서 생각을 해라! 그 따위 정신 상태로 무엇을 하겠다는 말이냐?!," which means "How dare you carry the samples this shitty way!  You are carrying all this trash?  How can you do any sales work with these?  That is why you are like that.  Do you not think?  Do you have a brain?  Use your brain to think!  What can you do with such shitty mental condition?"

63.

On May 12, 2016, Defendant Tae M. Lee gathered his employees for a meeting.

64.

On May 12, 2016, Defendant Tae M. Lee taunted Plaintiff in the presence of Plaintiff's co-workers in the meeting saying, "정신상태가 틀려 먹었다. 너가 그딴 식으로 하니까 매출을 올리지 못하는 것이 아니냐?!," which means "Your mental condition is the problem. You cannot increase sales because you are that way."

65.

On May 24, 2016, Defendant Tae M. Lee approached Plaintiff in the isle near the Defendants' lobby and showroom when Plaintiff attempted to take his personal vehicle off the Defendants' property.

66.

As stated in Paragraph 64, after Defendant Tae M. Lee approached the Plaintiff he yelled saying, "너는 내 말이 말 같지 않아? 너 왜 내 말을 듣지 않는 거야?" which means "Don't you understand what I am saying? Why don't you listen to me?"

67.

As stated in Paragraph 64 and 65, the Plaintiff explained that he needed his car for his personal reason.  Then Defendant Tae M. Lee yelled, "야, 이 새끼야! 니가 니 개인 생활이 어디있어. 너는 해라면 해야할 것 아니야! 너 왜 그렇게 말을 안들어?! 너 내가 우습게 보여?!," which means "Dammit Bastard, how dare you have a personal life.  You just have to do what I tell you to do.  Why don't you listen to me?  Do I look like a joke to you?"

## COUNT 1- FAILURE TO PAY OVETIME WAGES IN VIOLATION OF 29 U.S.C.§201 et seq AGAINST DEFENDANTS HAIR PLUS, LEE, AND JANE DOE

68.

Plaintiff incorporates herein the preceding and foregoing paragraphs as if stated herein for this claim for relief.

69.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C.§201 et seq., in which Plaintiff seeks compensatory and liquidated damages against Defendant Hair Plus Trading Co. Inc. ("Hair Plus") and Defendant Tae M. Lee ("Lee") for their failure to pay federally-mandated overtime

wages during Plaintiff's employment with Defendants.

70.

Plaintiff was regularly compelled to work more than forty hours per week.

71.

Under the FLSA, Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) hours per workweek.

72.

Pursuant to 29 U.S.C. § 213, Plaintiff was not exempt from the overtime requirements of the FLSA.

73.

Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants merely paid Plaintiff a fixed wage regardless of the hours worked.

74.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

75.

As a direct result of Defendant's unlawful acts, omissions, and practices,

Plaintiff suffered a loss of income of $55,035.76 or such other amount to be determined at trial.

76.

The defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendants.

77.

Defendants owe the Plaintiff overtime pay for the lack of compensation for his work performed, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

78.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly and severally, for reasonable attorney fees.

## COUNT 2- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS LEE AND JANE DOE

79.

Plaintiff incorporates herein the preceding and foregoing paragraphs as if stated herein for this claim for relief.

Page 19 of 32

80.

Plaintiff suffered severe emotional distress due to the public foul language used towards him by Defendant Tae M. Lee in front of other employees on several occasions.

81.

Defendant Tae M. Lee use of foul language in the presence of other employees was extreme and outrageous.

82.

Defendant Tae M. Lee's use of foul language in the presence of other employees was with reckless disregard of the probability that doing so would cause emotional distress to the Plaintiff.

83.

Defendant Tae M. Lee's use of foul language in the presence of other employees caused emotional distress to the Plaintiff.

84.

Defendant Jane Doe's use of foul language in the presence of other employees was extreme and outrageous.

85.

Defendant Jane Doe's use of foul language in the presence of other employees was with reckless disregard of the probability that doing so would cause emotional distress to the Plaintiff.

86.

Defendant Jane Doe's use of foul language in the presence of other employees caused emotional distress to the Plaintiff.

87.

Defendant Tae M. Lee knew or reasonably should have known that his actions would inflict extreme and lasting emotional distress on Plaintiff by his continuous willful conduct.

88.

Defendant Tae M. Lee taunted, screamed and cursed at the Plaintiff and thus engaged in extreme and outrageous conduct towards Plaintiff.

89.

Defendant Tae M. Lee taunted, screamed and cursed at the Plaintiff with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff.

90.

Defendant Jane Doe taunted, screamed and cursed at the Plaintiff and thus engaged in extreme and outrageous conduct towards Plaintiff.

91.

Defendant Jane Doe taunted, screamed and cursed at the Plaintiff with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff.

92.

Defendant Tae M. Lee taunted, screamed and cursed at the Plaintiff on May 11, 2016 inside of the warehouse.

93.

Defendant Tae M. Lee taunted, screamed and cursed at the Plaintiff on May 12, 2016 inside of the warehouse.

93.

Defendant Tae M. Lee taunted, screamed and cursed at the Plaintiff on May 24, 2016 inside of the warehouse.

94.

Based on his previous incidents with the Plaintiff, Defendant Tae M. Lee was aware of Plaintiff's endurance to harassment without resistance.

95.

Defendant Jane Doe taunted, screamed and cursed at the Plaintiff on May 11, 2016 inside of the warehouse.

96.

Defendant Jane Doe taunted, screamed and cursed at the Plaintiff on May 12, 2016 inside of the warehouse.

97.

Defendant Jane Doe taunted, screamed and cursed at the Plaintiff on May 24, 2016 inside of the warehouse.

98.

Based on his previous incidents with the Plaintiff, Defendant Jane Doe was aware of Plaintiff's endurance to harassment without resistance.

99.

The actions of Defendant Tae M. Lee were a proximate result of the acts alleged herein causing the Plaintiff to suffer extremely severe mental and physical stress resulting from the harassment.

100.

The actions of Defendant Jane Doe were a proximate result of the acts alleged herein causing the Plaintiff to suffer extremely severe mental and physical stress resulting from the harassment.

101.

Plaintiff's distress has resulted in problems sleeping, sudden palpitations, shortness of breath, decreased appetite and memory, and increased isolation and blood pressure.

102.

Plaintiff was diagnosed by a medical doctor Young H. Song, M.D. as having Acute Stress Disorder (F43.0 in DSM 5 classification) on July 7, 2016.

103.

Plaintiff had an employer/employee relationship in which Defendant Tae M. Lee had some relation or position with actual or apparent power to damage the plaintiff's interests.

104.

Plaintiff had an employer/employee relationship in which Defendant Jane Doe had some relation or position with actual or apparent power to damage the plaintiff's interests.

105.

As a proximate result of said conduct, Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

106.

Defendant Tae M. Lee committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.

107.

Defendant Tae M. Lee committed the acts alleged herein entitling Plaintiff to recover punitive damages in amounts to be proven at trial.

108.

Defendant Jane Doe committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.

109.

Defendant Jane Doe committed the acts alleged herein entitling Plaintiff to recover punitive damages in amounts to be proven at trial.

## COUNT 3- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS LEE AND JANE DOE

110.

Plaintiff incorporates herein the preceding and foregoing paragraphs as if stated herein for this claim for relief.

111.

Defendant Tae M. Lee knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

112.

Defendant Jane Doe knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

113.

As a direct and proximate result of the numerous acts or omissions and complete lack of care of the Defendant Tae M. Lee, Plaintiff suffered and sustained horrific emotional distress in being publically taunted or reprimanded by Defendants.

114.

As a direct and proximate result of the numerous negligent acts or omissions and complete lack of care of the Defendant Jane Doe, Plaintiff suffered and sustained horrific emotional distress in being publically taunted or reprimanded by Defendants.

115.

At all relevant times, Defendant Tae M. Lee had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

116.

At all relevant times, Defendant Jane Doe had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

117.

Despite said knowledge, power, and duty, Defendant Tae M. Lee negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff.

118.

Despite said knowledge, power, and duty, Defendant Jane Doe negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff.

119.

To the extent that said negligent conduct was perpetrated by either Defendant Tae M. Lee or Defendant Jane Doe, either Defendant Tae M. Lee or Defendant Jane Doe confirmed and ratified said conduct with the knowledge that Plaintiff's emotional and physical distress would thereby increase.

120.

To the extent that said negligent conduct was perpetrated by either Defendant Tae M. Lee or Defendant Jane Doe, either Defendant Tae M. Lee or Defendant Jane Doe confirmed and ratified said conduct with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

121.

As a direct and proximate result of Defendant Tae M. Lee's unlawful conduct, Plaintiff has suffered and continues to suffer serious emotional distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

122.

As a direct and proximate result of Defendant Jane Doe's unlawful conduct, Plaintiff has suffered and continues to suffer serious emotional distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

123.

By reason of the foregoing, Plaintiff is entitled to recovery compensatory damages from Defendant Tae M. Lee, for the conscious mental pain and suffering sustained by Plaintiff caused by the negligent infliction of emotional distress caused by the Defendants.

124.

By reason of the foregoing, Plaintiff is entitled to recovery compensatory damages from Defendant Jane Doe, for the conscious mental pain and suffering sustained by Plaintiff caused by the negligent infliction of emotional distress

caused by the Defendants.

125.

Defendant Tae M. Lee acted with malice, willful or wanton conduct towards the Plaintiff at all times relevant to this action.

126.

Defendant Jane Doe acted with malice, willful or wanton conduct towards the Plaintiff at all times relevant to this action.

**<u>CLAIM FOR RELIEF</u>**

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clear of Court to issue summons that are attached herein;

2. An order finding the Defendants violated sections 215(a)(2) and 216(b) of the FLSA;

3. An order finding the Defendants committed Intentional Infliction of Emotional Distress;

4. An order finding the Defendants committed Negligent Infliction of Emotional Distress;

5. Judgment in favor of Plaintiff against Defendants for unpaid overtime

compensation together with liquidated damages;

6. Pursuant to section 216(b) of the FLSA, judgement in favor of Plaintiff against Defendants for reasonable attorney fees;

7. Judgement in favor of Plaintiff against Defendants for all taxable and non-taxable costs;

8. Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

9. Judgment in favor of Plaintiff against Defendants for general, compensatory and punitive damages in an amount proven at trial;

10. Judgment in favor of Plaintiff against Defendants for punitive damages in an amount proven at trial; AND

11. Such other, further and different relief as this Court deems appropriate.

This 31st day of August, 2016.

Leon and Kim, LLC

/s/    Brian Kim
Brian G. Kim
Georgia. Bar No. 479330
Alabama Bar No. 1288R67G

1815 Satellite Blvd #303
Duluth, Ga 30097
Telephone: 678.878.4200
E-Mail: brian@leonandkim.com