# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("**Agreement**") is made and entered into this ___ day of June, 2017 (the "**Settlement Date**"), by and between Fee Lee ("**Fee Lee**"), Tae M. Lee ("**Tae Lee**"), and Hair Plus Trading Co., Inc. ("**Hair Plus**" and collectively with Tae Lee, "**Employer**"). Fee Lee, Tae Lee, and Hair Plus are collectively referred to as the "**Parties**" and individually as a "**Party**."

## RECITALS

WHEREAS, Hair Plus formerly employed Fee Lee;

WHEREAS, Fee Lee has asserted certain claims against Employer based upon and arising out of his employment with Hair Plus in the case-styled *Fee Lee v. Hair Plus Trading Co., Inc. and Tae M. Lee*, Civil Action File No.: 1:16-CV-3283-LMM, filed in the United States District Court for the Northern District of Georgia (the "**Action**");

WHEREAS, Employer denies and disputes the allegations contained in the Action; and

WHEREAS, to avoid the expense, uncertainty, and distraction of litigation, the Parties have agreed to enter into this Agreement upon the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the mutual promises set forth below, and all of the covenants and representations expressed herein, and for other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, and intending to be legally bound, the Parties agree as follows:

**1. Payment Terms.**

(a) Employer will pay Fee Lee $11,000.00 for the alleged unpaid overtime claim in full and final settlement of Fee Lee's FLSA claims. The above amount is subject to all applicable

taxes and withholdings by Employer and shall be delivered or wire transferred to counsel for Fee Lee within thirty (30) days following dismissal of the Action.

(b) Employer will pay counsel's fees and expenses to Fee Lee's counsel in the amount of $8,000.00 in connection with Fee Lee's claim for unpaid wages in full and final settlement of Fee Lee's FLSA claims.

**2. Dismissal.** Fee Lee agrees to dismiss the Action with prejudice within three (3) days following Court approval of this Agreement.

**3. Re-employment.** Fee Lee hereby waives any right or claim to reinstatement as an employee of Employer and agrees that he will not knowingly seek or accept employment in the future with Employer, including but not limited to any of Employer's parents, subsidiaries or affiliated corporations, divisions or partnerships, with any successor or assign of same or with any other entity in which Tae Lee or Hae Lee has an ownership interest. If, through mistake or inadvertence or otherwise, Fee Lee applies for employment with any of the aforementioned entities, then he shall withdraw his application immediately upon notice without any recourse, legal or otherwise, and to the extent that Fee Lee has already been hired, he will resign immediately upon notice without any recourse, legal or otherwise.

**4. Fee Lee Release of Claims.** Fee Lee, on behalf of himself and his heirs, executors, estates, administrators, agents, representatives, successors, assigns, insurers, attorneys and other persons or entities acting or purporting to act on his behalf, hereby fully and forever, irrevocably and unconditionally release, remise, discharge and acquit Employer and its affiliates, subsidiaries, parent corporations, insurers and agents, present and former directors, officers, owners, executives, employees, predecessors and/or successors in interest, attorneys, heirs and assigns, from any and all matters, claims, complaints, charges, demands, damages, causes of

action, debts, liabilities, controversies, judgments and suits of every kind and nature whatsoever, as of the date of this Agreement, foreseen or unforeseen, known or unknown, including but not limited to, those arising out of Fee Lee's employment with Employer and the termination of such employment. The claims, complaints, and actions released include, but are not limited to, any claims Fee Lee may have relating to his employment with Employer, including any claims for attorneys' fees or claims of violations arising under the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (except as excluded by Paragraph 6C), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the False Claims Act, 31 U.S.C. § 3729 et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., or any other relevant federal, state or local statute or ordinance, or arising under common law, including but not limited to torts, contracts or public policy claims.

5. **Employer Release of Claims.** Employer hereby fully and finally releases Fee Lee and his heirs, successors, and assigns from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments and suits of every kind and nature whatsoever, as of the date of this Agreement, foreseen or unforeseen, known or unknown, that could have been raised in the Action.

6. **Representations Regarding Released Claims.** Fee Lee represents and warrants that he has not assigned any of the claims that he is releasing through this Agreement.

7. **No Admission of Liability.** This document memorializes the terms of settlement and compromise of disputed claims, and the Parties admit no liability relating thereto.

8. **Non-disparagement.** Fee Lee agrees not to make, publish, or communicate to any person or entity (including Employer's customers, employees, or agents) or in any public forum (including but not limited to Facebook, LinkedIn, Twitter, Yelp, Kakao-Talk, Kakao Story) any negative, defamatory, or disparaging remarks, comments, or statements concerning Employer or its businesses, or any of its current or former employees, officers, or management personnel. Employer agrees that it will not make, publish, or communicate to any person or entity or in any public forum (including but not limited to Facebook, LinkedIn, Twitter, Yelp, Kakao-Talk, Kakao Story) any negative, defamatory, or disparaging remarks, comments, or statements concerning Fee Lee.

9. **Neutral References.** In response to a request for a reference, Employer shall confirm Fee Lee's dates of employment and job title(s).

10. **Stay of Discovery.** After the Settlement Date, the Parties will cease all discovery efforts in the Action and will not pursue any outstanding discovery pending the Court's approval of this Agreement.

11. **Notification & Revocation**. The Parties acknowledge that Fee Lee has been advised by the Employer that he is given twenty-one (21) days within which to consider this document and may revoke this Agreement for a period of seven (7) days after execution by Fee Lee, and this Agreement shall not become effective or enforceable until this period has expired.

12. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of Georgia without regard to laws relating to conflict and choice of laws.

13. **Return of Materials.** The Parties, their counsel, and anyone else acting on the Parties' behalf that has received information or documents produced in this Action or received

via subpoena or otherwise shall return any such information and materials, or destroy same, with certification as to their destruction, within fourteen (14) days after dismissal of the Action. Failure to recover, return, or destroy said documents shall constitute a breach of this Agreement and give rise to a separate action for such breach.

**14. Waiver of Breach.** The waiver by either Party of a breach of any portion of this Agreement by the other Party shall not operate or be construed as a waiver of any subsequent breach.

**15. Entire Agreement; Amendment.** This Agreement constitutes the sole and entire Agreement and understanding among the Parties as to its subject matter and supersedes all prior discussions, agreements, and understandings of every kind and nature among the Parties as to such subject matter. This Agreement may not be changed orally but only by an agreement in writing, signed by the Party against whom enforcement of any waiver, change, modification, extension or discharge is sought. No such amendment or modification, however, shall affect any rights or obligations that arise hereunder prior to such amendment or modification.

**16. Counterparts; Execution by Electronic Means.** This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all such counterparts together shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Agreement by fax, e-mail, or other electronic means will be as effective as delivery of a complete, executed original counterpart of this Agreement.

**17. Construction of Agreement.** The language of this Agreement shall be construed as a whole according to its fair meaning and attainment and shall not be construed for or against any Party hereto, regardless of who drafted or was principally responsible for the drafting of this Agreement or any specific term or condition hereof. This Agreement shall be deemed to have

been drafted by all the Parties hereto, and no Party shall urge otherwise. The headings used in this Agreement are for the convenience of the Parties and are not to be considered in construing the meaning of any of the terms herein.

18. **Knowing Consent.** In signing this Agreement, each of the Parties hereto represents that it has carefully read and understands this Agreement and each of the undersigned agrees that it has entered into this Agreement voluntarily and with informed consent.

19. **Authority to Enter Into this Agreement.** Each person represents by his or her signature below that he or she has the authority to sign or act on behalf of the Party or entity for whom he or she signs.

20. **Opportunity to Review with Counsel.** The Parties hereby acknowledge that they have a right to consult an attorney and that they have specifically consulted their attorneys with respect to the terms and conditions of this Agreement or by signing this Agreement hereby waive their right to do so. The Parties further acknowledge that they fully understand this Agreement and the effect of signing and executing the Agreement. The Parties further acknowledge that both parties have participated in the drafting of this Agreement and it shall not be construed against either of them as drafter of the document.

21. **Binding Effect.** This Agreement is binding upon and inures to the benefit of each of the Parties hereto and all respective successors, assigns, officers, directors, shareholders, employees and agents.

22. **Severability.** If any provision of this Agreement shall be held invalid by operation of law or by any court of competent jurisdiction, the remainder of this Agreement shall remain in full force and effect and may be independently enforced to the fullest extent permitted by law.

**23. Pronouns.** As the context so requires, whenever used in this Agreement, the singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the neuter and feminine gender, and vice versa.

**24. Attorneys' Fees.** Except as specified herein, each Party shall bear his, her, or its legal fees and costs related to the Action, including fees charged by the mediator, and the negotiation and preparation of this Agreement. In any action or proceeding brought by a Party to enforce any provision of this Agreement, the prevailing Party shall be entitled to recover the reasonable costs and expenses incurred by it in connection with that action or proceeding, including but not limited to attorneys' fees.

**25. Disputes.** The Parties hereby agree that the United States District Court for the Northern District of Georgia shall retain jurisdiction over any dispute relating to the preparation of this Agreement, any dispute regarding the issue of whether this Agreement constitutes a full and binding agreement, and any dispute relating to the enforcement of this Agreement.

[*Signatures on following page*]

Each of the undersigned Parties, intending to be legally bound by this Agreement, signs and enters into this Agreement without coercion and with knowledge of the nature and consequences thereof.

**Fee Lee**

F L
______________________________

Dated: Jun. 02. 2017

**Hair Plus Trading Co., Inc**

By: ______________________________

Its: ______________________________

Dated: ______________________________

**Tae M. Lee**

______________________________

Dated: ______________________________

Each of the undersigned Parties, intending to be legally bound by this Agreement, signs and enters into this Agreement without coercion and with knowledge of the nature and consequences thereof.

**Fee Lee**

______________________________

Dated: ____________________

**Hair Plus Trading Co., Inc**

By: Tae M. Lee

Its: president

Dated: 06/01/2017

**Tae M. Lee**

[signature]

Dated: 06/01/2017